UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT FAIELLA,

    Plaintiff,

  -v.-                             15 Civ. 6511 (JSR) (HBP)

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OF LAW IN
OPPOSITION TO PETITIONER'S MOTION PURSUANT TO
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE**

Petitioner Robert Faiella seeks to vacate his sentence on the asserted ground that he was sentenced pursuant to the wrong sentencing guideline. His argument is baseless and the motion should be denied.

**FACTUAL BACKGROUND**

**A.    Bitcoins and Bitcoin Exchangers**

Bitcoins are a form of virtual currency, existing entirely on the Internet and not in any physical form. The currency is not issued by any government, bank, or company, but rather is generated and controlled automatically through computer software operating on a decentralized, "peer-to-peer" network. No identifying information about the payor or payee is transmitted in a Bitcoin transaction. Only the Bitcoin addresses of the parties are needed for the transaction, which by themselves do not reflect any identifying information.

To acquire Bitcoins, a user typically must purchase them from a Bitcoin "exchanger." Bitcoin exchangers generally accept payments of conventional currency and, in return for a commission, transfer a corresponding number of Bitcoins, based on a floating exchange rate, to a

Bitcoin address designated by the customer. Bitcoin exchangers doing business in the United States are considered money transmitters under federal anti-money laundering ("AML") regulations and are required to register with the Financial Crimes Enforcement Network ("FinCEN"). *See* 31 C.F.R. § 1010.100(ff)(5); *see also* FinCEN, *Guidance on the Application of FinCEN's Regulations to Persons Administering, Exchanging, or Using Virtual Currencies*, March 18, 2013, FIN-2013-G001, at 4-5, *available at* http://www.fincen.gov/statutes_regs/ guidance/pdf/FIN-2013-G001.pdf ("FinCEN Guidance") (attached as Ex. A).

**B.**     **Silk Road's Bitcoin-Based Escrow System**

The "Silk Road" website was an anonymous marketplace for illegal drugs that operated from in or about January 2011 until October 2, 2013, when it was seized by law enforcement. The website was specifically designed to enable vendors and buyers to conduct illicit transactions over the Internet. The website was accessible only through the Tor network, a special network on the Internet designed to conceal the true IP addresses, and thereby the identities, of its users. Further, Bitcoins were the only form of payment accepted on the site, which enabled users to make purchases on the site anonymously.

Silk Road included a Bitcoin-based escrow system that users were required to use in order to conduct any business with other site users. Every Silk Road user account had a Bitcoin address associated with it that could be used to fund the account. To move funds into the account, the user could buy Bitcoins from a Bitcoin exchanger and have the exchanger send the Bitcoins to the Bitcoin address associated with the account.

**C.**     **Faiella's Operation of a Bitcoin Exchange on Silk Road**

From in or about December 2011 to in or about October 2013, Faiella operated an underground Bitcoin exchange service on Silk Road, under the username "BTCKing." Faiella specifically marketed his service to Silk Road users, offering them the ability to fund their Silk

Road accounts with complete anonymity. Specifically, Faiella would instruct a customer wanting to buy Bitcoins from him to deposit cash into a bank account that he would specify. Through a series of transactions, Faiella would then exchange the cash for Bitcoins and transfer the funds, less his commission of around ten percent, to the Bitcoin address associated with the customer's Silk Road account. Faiella was one of the most popular Bitcoin exchangers on Silk Road and moved well over $1 million to the Silk Road website through his business.

## PROCEDURAL BACKGROUND

On January 24, 2014, Faiella was charged by complaint along with co-defendant Charlie Shrem. Count One charged Faiella with operating an unlicensed money transmitting business in violation of 18 U.S.C. §§ 1960(b)(1)(B) and (C), while Count Two charged both Faiella and Shrem with conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h). On April 10, 2014, Faiella was charged with the same offenses by indictment. (Ex. A).

On September 4, 2014, Faiella signed a plea agreement in which he agreed to plead guilty to Count One of the Indictment, *i.e.*, operating an unlicensed money transmitting business in violation of 18 U.S.C. §§ 1960(b)(1)(B) and (C). (Ex. B). Section 1960(b)(1)(B) prohibits operating a money transmitting business without complying with federal licensing requirements, while Section 1960(b)(1)(C) prohibits operating a money transmitting business that – whether licensed or not – involves the transmission of funds known to the defendant to have been derived from a criminal offense or intended to be used to promote or support unlawful activity. Under the plea agreement, Faiella agreed that the Guidelines provision applicable to his conduct was U.S.S.G. § 2S1.1 (Ex. B at 2) – which applies to violations of Section 1960(b)(1)(C), *i.e.*, the operation of a money transmitting business involving the transmission of funds the defendant knows to be related to criminal activity. *See* U.S.S.G. § 2S1.1, cmt. Faiella also agreed that he

was subject to an offense-level increase of six levels because he "knew or believed that the funds involved in the offense included funds that were intended to promote offenses involving the distribution of controlled substances." (Ex. B at 2). Pursuant to these stipulations, Faiella agreed that his Guidelines range was 57 to 60 months. (Ex. B at 3). Faiella agreed not to appeal or collaterally challenge any sentence within or below this stipulated range. (Ex. B at 4).

On the same day that he executed the plea agreement, Faiella pled guilty before the Honorable Jed S. Rakoff. (Ex. C). During his allocution, Faiella stated that he had read the plea agreement, gone over it with his counsel, and understood its terms. (Ex. C at 10). Faiella further stated that he understood the applicable Guidelines range was 57 to 60 months, (Ex. C at 11), and that if he was sentenced to 60 months or less, he could not appeal or otherwise attack his sentence, (Ex. C at 15). In describing what he had done to commit the offense in question, Faiella specifically admitted that he knew that his "bitcoin transmitting business was being used to promote and support narcotics transactions." (Ex. C at 14).

On January 20, 2015, Faiella appeared for sentencing. (Ex. D). Neither party objected to the Guidelines range in the Presentence Report, which was the same as the range to which the defendant had stipulated in the plea agreement. (Ex. D at 2). Judge Rakoff adopted that Guidelines range, but chose to sentence Faiella below the range, imposing a sentence of 48 months' imprisonment. (Ex. D at 31).

On August 11, 2015, Faiella filed the instant motion to vacate his sentence, in which he claims that he was sentenced under the wrong provision of the Guidelines, and that his counsel provided ineffective assistance of counsel by failing to detect the error. (Def. Mot. at 9-10). Specifically, Faiella claims that he should have been sentenced pursuant to U.S.S.G. § 2S1.3 – which applies to violations of Section 1960(b)(1)(B), *i.e.*, operating a money transmitting

business without complying with federal registration requirements – and that his counsel provided ineffective assistance by failing to object to his Guidelines range being calculated pursuant to U.S.S.G. § 2S1.1 – which applies to violations of Section 1960(b)(1)(C), *i.e.*, operating a money transmitting business involving the transmission of funds known by the defendant to be related to criminal activity.

## DISCUSSION

Faiella's motion should be denied. Faiella is procedurally barred from collaterally challenging his conviction by operation of the waiver contained in his plea agreement, and his claim that his plea was the product of ineffective assistance of counsel is meritless. Accordingly, the waiver should be enforced and the petition denied.

In his plea agreement, Faiella expressly waived his right to challenge any sentence within or below 57 to 60 months' imprisonment – as was his sentence – either by direct appeal or collateral attack. The Second Circuit has repeatedly held that such waivers are typically valid and enforceable. *See United States v. Lee*, 523 F.3d 104, 106 (2d Cir. 2008) (citing *United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998)); *United States v. Roque*, 421 F.3d 118, 119 (2d Cir. 2005); *United States v. Haynes*, 412 F.3d 37 (2d Cir. 2005); *United States v. Morgan*, 406 F.3d 135 (2d Cir. 2005); *United States v. Fisher*, 232 F.3d 301, 303 (2d Cir. 2000); *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000); *United States v. Difeaux*, 163 F.3d 725, 728 (2d Cir. 1998); *United States v. Djelevic*, 161 F.3d 104, 106-07 (2d Cir. 1998) (per curiam); *United States v. Maher*, 108 F.3d 1513, 1531 (2d Cir. 1997); *United States v. Yemitan*, 70 F.3d 746, 747-48 (2d Cir. 1995) (dismissing appeal of a sentence within a stipulated Guidelines range where the appeal was foreclosed by defendant's plea agreement, because "[o]nly the dismissal of this appeal will afford the prosecution the benefit of its bargain"); *United States v. Salcido-*

*Contreras*, 990 F.2d 51, 52 (2d Cir. 1993) (per curiam) (dismissing appeal of sentence within stipulated Guidelines range where appeal was foreclosed by defendant's plea agreement).

Only in very limited circumstances has the Second Circuit recognized an exception to the enforceability of waivers such as the one in the plea agreement. *See United States v. Gomez-Perez*, 215 F.3d at 319 ("The[ ] exceptions to the presumption of the enforceability of a waiver . . . . occupy a very circumscribed area of our jurisprudence.  Accordingly, we have upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement.").  As the Second Circuit noted in *Gomez-Perez*, the exceptions include situations

> when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence  . . . .

21 F.3d at 319 (citations omitted); *United States v. Djelevic*, 161 F.3d at 106-07 (waiver of appeal must be knowing and voluntary).

Implicit in Faiella's motion is the claim that his plea was involuntary because his counsel did not properly advise him on the applicable sentencing Guideline.  The argument is meritless. Faiella pled guilty to Count One of the Indictment, which charged him with violating both 18 U.S.C. § 1960(b)(1)(B) and 18 U.S.C. § 1960(b)(1)(C).  During his allocution, he clearly and specifically admitted that he knew that his Bitcoin exchange business was involved in transmitting funds connected to criminal activity – the gravamen of the section 1960(b)(1)(C) violation.  Accordingly, U.S.S.G. § 2S1.1, which applies to violations of section 1960(b)(1)(C), clearly applied to his case.  There was no error, let alone one that would rise to the level of ineffective assistance of counsel.

## CONCLUSION

For the foregoing reasons, Faiella's motion should be denied.

Dated: New York, New York
December 4, 2015

                                                PREET BHARARA
                                                United States Attorney

By: _____
       SERRIN TURNER
       Assistant United States Attorney
       (212) 637-1946
       Email: serrin.turner@usdoj.gov